UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SMITH and MICHELLE AYALA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RED ROBIN INTERNATION, dba RED ROBIN BURGER AND SPRITS EMPORIUMS, a Nevada Corp., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 14cv01432 JAH-BGS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFCATION [Doc. No. 39]** |

Plaintiffs move to certify this action seeking relief for failure to pay overtime wages, failure to timely pay wages at separation, failure to provide accurate itemized wage statements, unfair business practices and violations of the Private Attorneys General Act of 2004 ("PAGA"). Defendants oppose the motion. After a thorough review of the parties' submissions, the Court DENIES Plaintiff's motion.

**BACKGROUND**

Plaintiffs, Greg Smith and Michelle Ayala, originally filed a complaint in Superior Court of California, County of San Diego, and filed an amend complaint on April 30, 2014,

against Red Robin International, Inc. for failure to pay overtime wages in violation of California Labor Code sections 204, 510, 1194, 1198; failure to timely pay wages at separation in violation of California Labor Code sections 201-203; failure to provide accurate itemized wage statements in violation of California Labor Code section 226; unfair business practices in violation of Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200-17208; and violations of PAGA, California Labor Code sction 2698, *et. seq.* Plaintiffs allege Defendant misclassified certain managers, and those with similar title and duties, as exempt from overtime pay, resulting in non-payment of overtime compensation. First Amended Complaint ("FAC") ¶¶ 1, 2 (Doc. No. 1-3). Defendant removed the action to federal court on June 12, 2014.

Plaintiffs now seek class certification. Defendant filed an opposition to the motion and Plaintiffs filed a reply. Finding the motion suitable for hearing without oral argument, the Court took the matter under submission pursuant to Local Rule 7.1.

## DISCUSSION

Plaintiffs seek to certify the following class:

All Defendant's California restaurant managers classified as exempt, reporting to a General Manager, from March 25, 2010 to the date of trial.

Plaintiffs also seek to certify the following subclasses:

Overtime Subclass:

All members of the Plaintiff Class not paid the legally required overtime rate for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek.

Waiting Time Subclass:

All members of the Plaintiff Class who separated from their employment voluntarily or involuntarily, to whom Defendants knowingly failed to timely pay all wages due.

Wage Statement Subclass:

> All members of the Plaintiff Class to whom Defendants knowingly and intentionally failed to provide accurate itemized wage statements showing all hours actually caused or suffered to work and the corresponding regular and overtime wages to be paid.

> UCL Subclass:

> All members of the "Overtime Subclass," who (1) were subject to unlawful, illegal, unfair and/or deceptive business acts /and or practices by Defendants and (2) are entitled to restitution of unpaid wages from Defendants based on conduct occurring at any time during the Class Period.

They contend they meet the criteria of Rules 23(a) and 23(b)(3).

**I.  Legal Standard**

Whether to grant class certification is within the discretion of the court. Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978).  A cause of action may proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation.  FED.R.CIV.P. 23(a).  In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b).  Pursuant to Rule 23(b)(3) a party may maintain a class action if the court finds that the questions of law or fact common to the members of the class *predominate* over any questions affecting only individual members, and that a class action is *superior* to other available methods for the fair and efficient adjudication of the controversy.

Courts should certify a class only if they are "satisfied, after a rigorous analysis," that Rule 23 prerequisites have been met. General Telephone Co. Of Southwest v. Falcon, 457 U.S. 147, 161 (1982).  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim," which "cannot be helped."  Wal–Mart Inc. v. Dukes, 564 U.S. 338, 351 (2011).   However, examination of the merits is limited to determining whether certification is proper and "not to determine whether class members

could actually prevail on the merits of their claims." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n. 8 (9th Cir. 2011) (citation omitted).

**II. Analysis**

**1. Numerosity**

Rule 23 requires that the class be "so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). Plaintiffs contend the proposed class numbers more than 500 members and satisfies any standard for numerosity.

Defendants do not address this factor.

Plaintiffs meet the numerosity requirement.

**2. Commonality**

Questions of law or fact must be common to the class. See FED.R.CIV.P. 23(a)(2). This requires the plaintiffs' claims be dependent on a common contention which is capable of class-wide resolution "in one stroke." Dukes, 564 U.S. at 350.

Plaintiffs argue there are numerous common questions, including, (1) whether all Red Robin restaurants in California are required to operate in such a similar manner that Intermediate Managers cannot exercise the requisite discretion and independent judgment more than 50% of their working time to be exempt; (2) whether Red Robin had a policy or practice requiring putative class members to work overtime, but has failed to perform the analysis necessary to classify them as exempt; (3) whether Red Robin can meet its burden to show the Intermediate Manager positions are properly classified as exempt; (4) whether Red Robin policies or practices require Intermediate Managers to spend less than 50% of their work time performing managerial tasks; and, (5) whether Red Robin policies or practices require Intermediate Managers to spend more than 50% of their work time performing hourly tasks. Plaintiffs further argue whether Red Robin is liable for damages, penalties and restitution pursuant to the California Labor Code and the UCL are all issues which can be resolved on a class-wide basis.

Defendant argues Plaintiffs class certification argument is premised on an incorrect theory of liability. Defendant maintains Plaintiffs wrongly assert, as a common issue,

Managers are misclassified because they cannot spend more than half their time exercising discretion and independent judgment and Plaintiffs confuse the requirement that an exempt employee regularly exercise discretion with the requirement that more than 50% of an exempt employee's time is engaged in exempt duties. Defendant argues proper classification as an exempt employee does not require that employees exercise discretion and independent judgment more than 50% of their time, rather, it only requires that the employee is engaged in exempt duties more than 50% of the time.

Defendant further argues the other common questions asserted by Plaintiffs fail to resolve any issues central to the validity of their claims. Even assuming their questions constitute the proper inquiry to determine exempt status, Defendant argues, none of them yield common answers capable of resolving Plaintiffs' class claims in one stroke, due to dissimilarities among Managers. Defendant contends there is no liability for performing an insufficient analysis regarding classification or, *per se*, for misclassification. Instead, Defendant contends, liability arises from failure to pay overtime to a nonexempt employee. Defendant argues courts have rejected the notion advanced by Plaintiffs that the determination of whether employees have been misclassified as exempt can be made by common proof by evaluating an employer's policies and procedures. Defendant maintains although Managers all have the same job description in California, their duties may vary by restaurant based upon the circumstances of the location.

Defendant also argues Red Robin's use of a labor model scheduling tool does not provide common proof as to how Managers spend their time. Defendant maintains standardized times for how long team members' tasks should take are used only by "Watson", Red Robin's labor-model scheduling tool, to assist Managers in effectively scheduling team members. Defendant further maintains Watson schedules are based on forecasting done by managers. Defendant contends the "standardized" program Plaintiffs suggest makes Red Robin locations the same, considering restaurant differences, is information that is unique per location based on eight or nine variables per location, such as average party size. Additionally, Defendant contend Plaintiffs assert that Watson shows

Managers perform hourly work, but their cited evidence actually shows that when calculating its labor models, Red Robin ensured that not a single hourly task was assigned to a manager.

In reply, Plaintiffs argue answering whether Intermediate Managers were properly classified will resolve an issue that is central to the validity of each of Plaintiffs' claims in one stroke.

Plaintiffs' action seeks relief for the alleged misclassification of certain Managers as exempt from overtime pay. Their "common questions" address Defendant's conduct and policies in allegedly misclassifying the Managers. Plaintiffs demonstrate common questions of law, including whether Defendant can meet its burden to show the Intermediate Manager positions are properly classified as exempt. However, class treatment requires more than raising common questions. What matters is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Wang v. Chinese Daily News, Inc., 737 F.3d 538, 543 (9th Cir. 2013). To answer the question of whether Defendant misclassified Managers as exempt requires a determination of whether Managers spent more than 50% of their time engaged in nonexempt tasks. Plaintiffs fail to demonstrate a common answer to the question.

Even if Plaintiffs meet the commonality requirement with their assertion of common questions, Plaintiff fail to meet the predominance requirement. Predominance requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members." FED.R.CIV.P 23(b)(3). Meeting the commonality requirement is insufficient to fulfill the predominance requirement. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1022 (9th Cir. 1998).

Plaintiffs submit evidence of a policy common to all restaurants classifying Managers as exempt. They also demonstrate that the job descriptions for Intermediate Managers, which are identical in every restaurant, require them to perform hourly tasks in addition to their managerial duties. However, whether the Managers actually performed those duties to such an extent that there positions were misclassified as exempt is not

subject to common proof. A uniform policy of exemption, alone, is insufficient to "facilitate common proof on the otherwise individualized issues." In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 959 (9th Cir. 2009). Plaintiffs assert evidence of the examination of corporate documents and testimony describing the duties and testimony from a random sample of Managers are common proof. However, the evidence submitted demonstrates Defendant does not track the hours worked by Intermediate Managers, and the Watson scheduling tool does not provide that Managers routinely performed hourly workers' tasks. Whether Managers are actually performing the nonexempt work is individualized and not subject to common proof. As such, Plaintiffs fail to demonstrate the common questions predominate over individual questions to support the predominance requirement and fail to meet the requirements for class certification.

**3. Remaining Requirements**

Because the Court finds Plaintiff fails to meet the commonality and predominance requirements, it will not address the remaining requirements for class certification.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Plaintiffs' motion for class certification is **DENIED without prejudice**.

DATED:    March 31, 2017

_____
JOHN A. HOUSTON
United States District Judge